IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

SUSAN L. GONSER                                                                          PLAINTIFF

VS.                                        3:06CV00186-WRW

CONTINENTAL CASUALTY COMPANY,
CNA GROUP LIFE ASSURANCE COMPANY,
THE HARTFORD and VULCAN MATERIALS
COMPANY                                                                              DEFENDANTS

ORDER

Pending is Plaintiff's Motion for an Award of Benefits and Penalty,[1] Separate Defendants Continental Casualty Company's, CNA Group Life Assurance Company's, and The Hartford's ("insurance defendants") Motion for Judgement on the Pleadings,[2] and Separate Defendant Vulcan Materials Company's ("Vulcan") Motion for Judgment on the Pleadings.[3] Each party filed responses.[4]

This is an ERISA claim for benefits under 29 U.S.C. § 1132 (a), (e)(1), and (f), and for penalties under 29 U.S.C. § 1105(a) and (b). Vulcan is Plaintiff's employer and the plan administrator. The plan is insured by the insurance defendants.

---

[1]Doc. No. 17.

[2]Doc. No. 18.

[3]Doc. No. 21.

[4]Doc. Nos. 24, 27, 28, 29.

1

Vulcan and the insurance defendants assert that Plaintiff's Amended Complaint[5] should be dismissed because her claims are barred by the statute of limitations. Vulcan asserts that its conduct does not warrant an imposition of penalties, and that it paid Plaintiff six months of short- term disability ("STD") benefits. The insurance defendants allege that they are not the plan administrator and are, therefore, not subject to penalties, and that they are not responsible for paying STD benefits.

Plaintiff asserts that she is entitled to penalties for Vulcan's failure to provide a plan summary. She further maintains that her claim for STD benefits is not time barred, and that any failure to timely file her complaint was caused by Vulcan's conduct. Plaintiff argues that she is owed unpaid STD benefits from June through September 2001, and that she also has the right to seek long-term disability ("LTD") benefits.

## I. Background

Plaintiff began working for Vulcan in January 19, 1998. She had back surgery on March 9, 2001[6] and never returned to work. Her STD benefits began in March 2001, but the insurance defendants denied Plaintiff's disability beyond June 29, 2001.[7] According to Vulcan, despite the decision by the insurance defendants, it paid Plaintiff's STD through September 2001.[8]

Plaintiff filed a claim for STD benefits on July 11, 2001.[9] On August 6, 2001 the insurance defendants sent Plaintiff a letter explaining that STD benefits were approved by them

---

[5]Doc. No. 31.

[6]A.R. pp. 104, 150.

[7]A.R. pp. 109, 122, 150.

[8]Doc. No. 25, Ex. 1.

[9]A.R. p. 150.

through June 29, 2001.  The insurance defendants told Plaintiff that more medical information was needed to verify additional disability.[10]  In other correspondence, the insurance defendants mentioned LTD benefits to Plaintiff, and she was told to contact their office if she had questions.[11]

On September 4, 2001, Plaintiff received a letter explaining that additional STD benefits were not owed.  On September 19, 2001, she appealed, and, on October 26, 2001, the insurance defendants affirmed their decision.  Plaintiff was also notified that this was the final decision.[12]

On December 10, 2001, Plaintiff's lawyer sent a letter asking for reconsideration of the decision to deny further benefits, and stating that he was prepared to file a federal lawsuit.[13]  A second letter was sent by Plaintiff's lawyer on December 26, 2001, asking for the identity of the plan sponsor, and for copies of the summary plan description.[14]  The insurance defendants responded in January 2002 and advised that Vulcan was the plan administrator.[15]  According to Plaintiff's lawyer, he then sent a letter to Vulcan asking for a copy of the plan summary.[16]

---

[10] A.R. p. 122.

[11] A.R. p. 115.

[12] A.R. pp. 45-46.

[13] A.R. p. 42.

[14] A.R. p. 32.

[15] A.R. p. 29.

[16] Doc. No. 17, Ex. 1.

Under the plan, a participant is entitled to a maximum of six months STD benefits.[17] After that, he or she may apply for LTD benefits. The plan also states that no action for LTD benefits can be brought after three years from the date "written proof is required."[18]

Three years passed before Plaintiff's lawyer contacted the insurance defendants again. On April 14, 2005 he sent a letter and stated that he had not received notice from the plan administrator or the plan sponsor.[19] The insurance defendants immediately responded on April 21, 2005, and informed him that the final appeal determination was made on October 26, 2001.[20]

On October 5, 2006, Plaintiff filed a Complaint,[21] claiming disability benefits accruing after September 1, 2001; penalties for failing to provide a plan summary; and liability for breach of fiduciary duties. On April 25, 2007, Plaintiff filed an Amended Complaint[22] and added a new claim for benefits accruing after June 29, 2001.

In the original complaint, Plaintiff alleged that she received STD benefits through September 1, 2001, however, the amended complaint alleged that "no disability benefits were paid after June 29, 2001.[23]

---

[17] A.R. 241.

[18] A.R. 203, 230.

[19] A.R. p. 27.

[20] A.R. p. 22.

[21] Doc. No. 1.

[22] Doc. No. 31.

[23] Doc. Nos. 1, 31.

**II. Standard for Motion on Pleadings**

The standard of review of a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) and (h) is the same as for a motion to dismiss under Rule 12(b)(6).[24]

In ruling on a motion to dismiss under Rule 12(b)(6), a plaintiff's well-pleaded factual allegations must be taken as true.[25]  A motion to dismiss should not be granted unless it appears beyond doubt that a plaintiff can prove no set of facts in support of her claim.[26]

As a general rule, a court may only consider the pleadings when a motion is made under Rule 12 of the Federal Rules of Civil Procedure.[27]   However, documents attached to the complaint, matters of public and administrative record referenced in the complaint, [28] and uncontested documents whose contents are alleged in a complaint can be considered to decide a motion to dismiss.[29]

---

[24]*Pasdon v. City of Peabody*, 417 F.3d 225, 226 (1st Cir. 2005); *Collier v. City of Chicopee*, 158 F.3d 601, 602 (1st Cir. 1998) (addressing Rule 12(c)); *Ad-Hoc Committee v. Bernard M. Baruch College*, 835 F.2d 980, 982 (2d Cir. 1987) (addressing Rule 12(h)).

[25]*Veal v. First Am. Sav. Bank*, 914 F.2d 909, 913 (7th Cir.1990); *Gomez v. Illinois State Bd. of Educ.*, 811 F.2d 1030, 1039 (7th Cir. 1987).

[26]*Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

[27]*Deerbrook Pavilion, LCC v. Shalala*, 235 F.3d 1100, 1101 (8th Cir. 2000); see also *County of St. Charles, Mo. v. Missouri Family Health Council*, 107 F.3d 682, 684 (8th Cir. 1997) (holding that only facts alleged in complaint and materials attached to complaint may be considered on motion to dismiss).

[28]*Great Plains Trust Co. v. Union Pacific R. Co.*, 492 F.3d 986, 990 (8th Cir. 2007).

[29]*Kushner v. Beverly Enterprises, Inc.*, 317 F.3d 820 (8th Cir. 2003).

If a court considers matters outside of the pleadings, the motion to dismiss must be converted to a motion for summary judgment,[30] and the nonmovant must be given actual or constructive notice.[31] Constructive notice occurs when a nonmovant has plenty of time to respond.[32]

### III.  Authority

#### A.  Statute of Limitations for Benefits, Penalties, and Breach of Fiduciary Duty

ERISA contains no statute of limitations for benefit claims.[33]  Courts must apply the statute of limitations from the most analogous state law.[34]  ERISA benefit claims are considered contract actions, and state contract law establishes the most appropriate statute of limitations.[35] In Arkansas, the statute of limitations for contract actions is five years.[36]

However, the Arkansas contract statute of limitations establishes a maximum, not a minimum.[37]  In Arkansas, parties "are free to contract for a limitation period which is shorter than that prescribed by the applicable statute of limitations, so long as the stipulated time is not

---

[30]*Hamm v. Rhome-Poulenc Rorer Pharmaceuticals, Inc.*, 187 F.3d 941, 948 (8th Cir. 1999)

[31]*Blair v. Wills*, 420 F.3d 823, 827 (8th Cir. 2005).

[32]*Id.*

[33]*Adamson v. Armco, Inc*., 44 F.3d 650, 652 (8th Cir. 1995).

[34]*Id.*

[35]*Bennett v. Federated Mut. Ins. Co.*, 141 F.3d 837, 838 (8th Cir. 1998).

[36]Ark. Code Ann. § 16-56-111.

[37]*Wilkins v. Hartford Life and Accident Ins. Co.*, 299 F.3d 945, 948 (8th Cir. 2002) (quoting *Ferguson v. Order of the United Commercial Travelers of America*, 307 Ark. 452, 456 (1991); and citing *Hawkins v. Heritage Life Ins. Co.*, 63 Ark. App. 67 (1998)).

unreasonably short." Applying Arkansas law, the Eighth Circuit Court of Appeals held that "when the plan adopts 'the shortest period allowed by the laws of the state, and then defines that period as '3 years after the time written proof of loss is required to be furnished,' the three-year contractual limitations period is enforceable."[38]

Section 502(c)(1) of ERISA[39] imposes a penalty of up to $100 a day if information requested by a plan participant is not mailed within thirty days. This section does not contain a statute of limitations, so, the most analogous state limitations period must be applied.[40]

The Eighth Circuit Court of Appeals applied a North Dakota three year statute of limitations to ERISA's penalty statute.[41] However, Arkansas does not recognize a statute of limitations for penalties owed to private parties.[42] Therefore, the most analogous Arkansas limitations statute is the code section that governs liabilities created by statute.[43] Under this Arkansas code section, Plaintiff must file a complaint within three years.[44]

---

[38]*Wilkins*, 299 F.3d at 948.

[39]29 U.S.C. § 1132(c)(1).

[40]*Shaw v. McFarland Clinic*, *P.C.*, 363 F.3d 744, 746 (8th Cir. 2004).

[41]*Iverson v. Ingersoll-Rand*, 125 Fed. Appx. 73, 76 (8th Cir. 2004) (applying a penalty and forfeiture statute of limitations to an ERISA penalty claim).

[42]Compare ND ST § 28-01-17 with Ark. Code Ann. § 16-56-108 -- in North Dakota a three year limitation period is placed on an action "upon a statute for a penalty . . . [by] the party aggrieved," but, the Arkansas penalty statute does not include penalties to an aggrieved party, but only penalties that are paid to the state or county.

[43]*Wagh v. Dennis*, 677 F.2d 666 (8th Cir. 1982) (holding that the limitations period for all actions based on contract or liability applies to claims created by statute, and citing Ark. Stats. § 37-206 which was later changed to conform to the official Arkansas Code of 1987 -- Ark. Code Ann. § 16-56-105).

[44]Ark. Code Ann. § 16-56-105(3).

A claim for breach of fiduciary duty under ERISA is subject to a three-year statute of limitations contained in ERISA.[45]

While ERISA's claim limitations are governed by state law, the question of claim accrual is controlled by federal law.[46]  Generally, an ERISA action accrues after a claim for benefits has been formally denied.[47]  The Eighth Circuit Court of Appeals applies the discovery rule to this accrual date, and the statute begins to run when Plaintiff should know, through due diligence, that her claim has been denied.[48]

### B.  Tolling the Statute of Limitations

The equitable tolling doctrine allows a plaintiff to avoid the statute of limitations bar, if despite all due diligence, she is unable to obtain important information regarding existence of her claim.[49]  The doctrine permits a plaintiff to sue after the time period has expired if inequitable circumstances prevented timely filing.[50]  The equitable remedy is usually reserved for

---

[45] 29 U.S.C. § 1113(2) (three-year limit from when plaintiff had actual knowledge of breach).

[46] *Adamson*., 44 F.3d at 652; *Cavegn v. Twin City Pipe Trades Pension Plan*, 223 F.3d 827 (8th Cir. 2000)**.**

[47] *Union Pac. R.R. Co. v. Beckham*, 138 F.3d 325, 330 (8th Cir.1998).

[48] *Id.* at 330.

[49] *Holmberg v. Armbrecht*, 327 U.S. 392, 397 (1946); *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 451 (7th Cir. 1990).

[50] *Dakota Truck Underwriters v. S.D. Subsequent Injury Fund*, 689 N.W.2d 196, 202 (S.D. 2004).

circumstances truly beyond the control of the plaintiff,[51] and should be applied where a party acts diligently.[52]

### C. Relation Back

An amended pleading relates back to the date of the original complaint when the claim alleged in the amended complaint arose out of the conduct, transaction, or occurrence already described in the first complaint.[53]  This doctrine is included in the Federal Rules of Civil Procedure and is based on the concept that a party who is notified of a suit involving a specific event, have all the notice intended by statutes of limitation.[54]

### IV. Discussion

Plaintiff makes the following claims: (1) for 29 U.S.C. § 1132(c)(1) penalties; (2) for STD benefits; (3) for LTD benefits; and (4) for damages resulting from a breach of fiduciary duties.  With the exception of the claim for STD benefits, all claims are time barred.

Under Ark. Code Ann. § 16-56-105(3) all actions founded on any contract or liability, expressed or implied must be brought within three years.  The Arkansas Supreme Court has applied this three year statute of limitations to actions for liabilities created by statute, including statutes that establish liability "beyond indemnity or mere compensation."[55]

---

[51]*Hill v. John Chezik Imports*, 869 F.2d 1122, 1124 (8th Cir.1989)

[52]*Warren v. Dep't of Army*, 867 F.2d 1156, 1160 (8th Cir. 1989).

[53]*Plubell v. Merck & Co., Inc.*, 434 F.3d 1070, 1071 (8th Cir. 2006); see Fed. R. Civ. P. 15(c)(2).

[54]*Plubell*, 434 F.3d at 107l.

[55]*Nebraska National Bank v. Walsh*, 59 S.W.2d 952, 954 (1900) (finding that statutes which impose a penalty to a private citizen and not the state are not penal, but are remedial and a three year statute is applicable to such claims); see also *Glasscoe v. Howell*, 431 F.2d 863 (8th

Plaintiff requested the plan summary in December 2001 and again in January 2002, but waited until April 2005 to make further inquiries. She waited another year to file a complaint for penalties until October 2006. Plaintiff should have known that, after the passage of months and years, the plan summary would not be forthcoming. Because she did not act with "due diligence," to enforce her rights, she does not deserve the benefit of equitable tolling.

The statute of limitations for Plaintiff's LTD benefits claim is set out in the plan. The Eighth Circuit has explained that, even though Arkansas creates a five year limitation for contract claims, this can be shortened by contract terms.[56]

Under federal accrual rules, the statute began to run when Plaintiff should have known that her claim had been denied.[57] In October 2001, Plaintiff received a letter telling her that no further disability benefits would be approved. The insurance defendants informed Plaintiff that, after reviewing her medical records, they concluded that she was capable of returning to her "regular occupation."[58] The insurance defendants also informed Plaintiff that this decision was final.[59] Plaintiff sent two letters to the insurance defendants in December 2001 and a letter to Vulcan in January 2002, but, she made no additional efforts for over three years. In her

---

Cir. 1970) (finding that Arkansas Courts have applied the three year statute of limitations for "actions founded on any contract or liability" to actions based on statutorily created liability).

[56]*Wilkins*, 299 F.3d at 948.

[57]*Id.* at 330.

[58]A.R. p. 45.

[59]*Id.*

pleadings, she admits that she knew her claim for STD benefits had been finally denied by December 2001.[60]

By denying her claim for STD benefits, the insurance defendants notified Plaintiff that no more disability benefits would be approved. Plaintiff should have known that this conclusion would include LTD benefits. Plaintiff should have taken reasonable steps to enforce her claims.

The failure of Vulcan to send Plaintiff a plan summary does not excuse a four year delay. Therefore, the three year statute of limitation was not equitably tolled and Plaintiff's claim for LTD benefits is barred.

Plaintiff's claim based on Vulcan's breach of fiduciary duty was also made too late. Under the ERISA's statute of limitations, such claims must be brought within three years.[61]

The only claim that remains is Plaintiff's claim for STD benefits. It is governed by the five year statute of limitations for contract claims because the plan terms pertaining to STD benefits does not contain a provision that shortens the limitation period.

Plaintiff filed her first complaint within five years, and, while it did not make a claim for STD benefits, it was amended to include such a claim.[62] Since her amended claim for STD benefits arises out of the same circumstances described in her original complaint, it relates back, and the statute of limitations is tolled.

---

[60]*Id.*

[61]29 U.S.C. § 1113(c).

[62]Doc. No. 31.

The insurance defendants assert that they are not responsible for payment of STD benefits, and Vulcan asserts that it paid the benefits. Vulcan offers an affidavit and documentation of its STD payments to Plaintiff through September 1, 2001. Although Plaintiff's amended complaint denies that she received benefits beyond June 29, 2001, she did not respond to Vulcan's offer of proof. Vulcan submitted its offer of proof in its response to Plaintiff's motion to amend,[63] and Vulcan attached the same offer to its Answer to the Amended Complaint.[64] Plaintiff has, therefore, been notified that documents outside her pleadings have been offered to refute her allegations. Plaintiff did not act, even though she was aware of Vulcan's challenge to the facts pled in the amended complaint.

Vulcan's Motion for Judgment on the Pleadings with respect to its assertion that it paid all benefits owed, will be treated as a Motion for Summary Judgment. Vulcan has offered sufficient evidence to sustain its motion.

## V. Conclusion

In view of the above, Defendants' Continental Casualty Company's CNA Group Life Assurance Company's, and Hartford's Motion for Judgment on the Pleadings (Doc. No. 18) is GRANTED because the claims against these defendants are barred by the applicable statutes of limitations; Defendant's Vulcan Material Company's Motion for Judgment on the Pleadings (Doc. No. 21) on the claims for penalties and breach of fiduciary duties is GRANTED because the claims are barred by the applicable statutes of limitations; Defendant's Vulcan Material

---

[63]Doc. Nos. 23, 24.

[64]Doc. No. 34.

Company's Motion for Judgment on the Pleadings (Doc. No. 21) on the claim for STD benefits is treated as a Motion for Summary Judgment and is GRANTED.  Plaintiff's Amended Complaint (Doc. No. 31) is DISMISSED WITH PREJUDICE.

    IT IS SO ORDERED this 27th day of September, 2007.

                                         /s/Wm. R. Wilson, Jr.
                                  UNITED STATES DISTRICT JUDGE